R. H. JONES v. JACOB F. and CALVIN SCOTT.

The recital in a Sheriff's deed is not a necessary part of it, and if the deed misrecites the execution under which the Sheriff sells, or recites no execution, the sale is nevertheless good, if at the time it is made, the Sheriff has in his hands a valid execution.

Where the record is carelessly prepared (as in this case the deed under which plaintiff claims not being made a part of it, nor the date of its execution shown) and the statement of the case is vague and irregular, no judgment will be given in the Supreme Court.

(*Owen* v. *Barksdale*, 8 Ired. 81, cited and approved.)

Civil action for the recovery of land, tried before *Clarke, J.*, at Spring Term, 1874, of the Superior Court of Jones.

This was an action to recover a certain tract of land described in the plaintiff's complaint. It is admitted that the land claimed by the plaintiff is the same land in the possession of the defendants, both plaintiff and defendants claiming under one Daniel Perry. Plaintiff introduced a judgment in favor of Rachel Jones against Daniel Perry, F. B. Harrison and Jacob F. Scott; also execution against same parties corresponding with said judgment, a levy on said land, a return of the sheriff of Jones county that he had sold said land to the plaintiff, and a sheriff's deed for said land to plaintiff. This deed recites that by virtue of an execution in favor of Rachel Jones

against Daniel Perry alone, one of the defendants in the above mentioned judgment and execution, &c.

His Honor being of the opinion that as the sheriff's deed did not correspond with the judgment or execution, and that no execution was produced corresponding to the specification of the deed, the plaintiff had no title.  Plaintiff submitted to a non-suit.  Judgment and appeal.

*Isler*, for plaintiff.
*Haughton*, *Hubbard* and *Smith & Strong*, for defendants.

BYNUM, J.  His Honor put his decision upon the ground that the recital in the sheriff's deed did not correspond with the judgment and execution under which the land was sold and purchased by the plaintiff.

It is well settled that the recital in a sheriff's deed is no part of it, and that if he mis-recites the execution under which he sells, or recites no execution, his sale is nevertheless good, if at the time he makes it he has in his hands a valid one.  It is not denied here that the sheriff did have a valid execution against Perry, under whom both parties claim.  It was error, therefore, for his Honor to hold that the plaintiff had no title because of the mis-recital.  *Owen* v. *Barksdale*, 8 Ired. 81. In reversing the judgment below the Court cannot give judgment here for the plaintiff because of the very carelessly prepared record and vague and irregular statements of the case. The plaintiff in this action must recover upon the strength of his own title and not upon the weakness of his adversaries. The deed under which the plaintiff claims is not made a part of the record, nor is the date of its execution stated or whether made before or after the commencement of the action.

PER. CURIAM.                              *Venire de novo.*